IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISAAC LEE HYKES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 15-2599-STA-dkv |
| ) | |
| JACOB J. LEW, ) | |
| Secretary of the Treasury, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Jacob J. Lew's Motion to Dismiss (ECF No. 13) filed on November 3, 2015. Plaintiff Isaac Lew Hykes, who is acting *pro se*, has responded in opposition. On December 16, 2015, the Chief United States Magistrate Judge issued a report and recommendation that Defendant's Motion to Dismiss be granted. Plaintiff filed timely objections to the report and recommendation. Defendant has responded to the objections, and Plaintiff has filed a reply brief. For the reasons set forth below, the Chief Magistrate Judge's report and recommendation is **ADOPTED**, and Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Isaac Lee Hykes filed a Pro Se Complaint on September 11, 2015, alleging claims for gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In her report and recommendation, the Chief Magistrate Judge set out the allegations of the Pro Se Complaint as part of her proposed findings of fact. Neither party has objected to that portion of the Chief

1

Magistrate Judge's report. Therefore, the Court adopts the Chief Magistrate Judge's proposed findings of fact as follows.

In the Pro Se Complaint, Plaintiff alleges that Defendant discriminated against him on the basis of his gender (male), subjected him to hostile work environment and harassment, and retaliated against him. (Compl. ¶ 6, 9, 10, ECF No. 1.)[1] Plaintiff alleges that the discriminatory conduct occurred from October 14, 2008 through May 4, 2009. (*Id.* ¶ 7.) Specifically, Plaintiff alleges the following instances of discrimination:

1. On October 14, 2008, management assigned him more complex work than his female coworkers;

2. On October 29, 30, and 31, 2008, management denied him the opportunity to perform major batching duties because of his gender, male.

3. On December 5, 2008, management denied his request to change his tour of duty.

4. On December 11, 2008, management denied his request for training on the Data Access Tables.

5. On December 31, 2008 and January 6, 8, 14, and 16, 2009, management denied him the opportunity to train new employees in the Data Access System.

6. On January 23, 2009, he was issued an unfair appraisal.

---

[1] The report notes that since 2005, Hykes has filed four other cases in the Western District of Tennessee: (1) *Hykes v. Snow*, 2:05-cv-02037-SHM-tmp (W.D. Tenn. Jan. 18, 2005); (2) *Hykes v. Geithner*, 2:11-cv-02720-SHL-dkv (W.D. Tenn. Aug. 23, 2011); (3) *Hykes v. Geithner*, 2:13-cv-02264-STA-dkv (W.D. Tenn. Apr. 30, 2013); and (4) *Hykes v. Lew*, 2:14-cv-02035-STA-dkv (W.D. Tenn. Jan. 15, 2014). The last three cases listed above were consolidated on February 19, 2014. *See* Order Granting Motion to Consolidate, *Hykes v. Lew*, 2:14-cv-02035-STA-dkv (W.D. Tenn. Feb. 19, 2014), ECF No. 13. In all of these cases, Hykes brought suit against his employer, the Secretary of the U.S. Department of Treasury, alleging violations of Title VII of the Civil Rights Act. All of Hykes's prior Title VII lawsuits were dismissed.

7. On or about April 13, 2009, he was issued a memo which denied his request for thirteen hours of administrative leave to work on his EEO complaint.

8. On May 4, 2009, management denied his request for fourteen hours of administrative leave to work on his EEO complaint. (*Id.* ¶ 10.)

For relief, Plaintiff requests equitable or injunctive relief damages in the amount of $12,565.53 for "actual out of pocket expenses," and compensatory damages in the amount of $300,000.00 for "emotional, stress, humiliation, insomnia, depression." (*Id.* ¶ 16.)

Based on these factual allegations, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 12, 2008. (ECF No. 13-1.)[2] On August 19, 2013, EEOC Administrative Judge ("AJ") Deana P. Windham issued a decision without a hearing finding that Hykes was not discriminated against as alleged. (*Id.*; ECF No. 1-1.) The Department of Treasury (the "Agency") adopted the AJ's conclusion and issued a final order on September 10, 2013. (ECF No. 12-2.) Plaintiff received the Agency's decision on September 16, 2013, and, on October 23, 2013, Plaintiff filed an appeal with EEOC. (ECF No. 1-1; ECF No. 13-3.) On January 15, 2015, the EEOC dismissed Plaintiff's appeal as untimely because Hykes did not file his appeal within the thirty-day window pursuant to 29 C.F.R. § 1614.402. (ECF No. 13-3.) On February 14, 2015, Hykes requested reconsideration of the Agency's final decision and the dismissal of the appeal. (ECF No. 13-4.) On June 19, 2015, the EEOC denied Hykes's request for reconsideration. (ECF No. 13-5.) Thereafter, Hykes filed the instant complaint on September 11, 2015. (Compl., ECF No. 1.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and

---

[2] In his complaint, Plaintiff erroneously states that he filed a charge with the EEOC on October 14, 2008. (Compl. ¶ 12, ECF No. 1.)

3

recommendation for the disposition of a Rule 12(b)(6) motion to dismiss for failure to state a claim.[3] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[4] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[5] The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[6] Rather the Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.[7]

## ANALYSIS

### I. Failure to Exhaust Administrative Remedies

In her proposed conclusions of law, the Chief Magistrate has recommended that the Motion to Dismiss be granted for failure to exhaust administrative remedies. As noted in the report and recommendation, "[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit."[8] Discrimination complaints brought by federal employees against their employer are governed by the Federal Sector Equal Employment Opportunity ("EEO") process, 24 C.F.R. Part 1614. The EEOC is the agency charged with implementing and enforcing the EEO process.[9] EEO regulations provide that after the complainant files a formal complaint with

---

[3] 28 U.S.C. § 636(b)(1)(B).

[4] § 636(b)(1)(C).

[5] *Id.*

[6] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[7] *Id.* at 151.

[8] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted).

4

the agency that allegedly discriminated against him, there is an investigation and a final agency decision.[10] Upon receiving the agency's final decision, the complainant can elect to either pursue a federal civil action within 90 days of the receipt of the agency's final decision, *Id.* § 407(a), or appeal to the EEOC's Office of Federal Operations within thirty days of receipt of the agency's final decision.[11] If a complainant does not file an appeal within the thirty-day time limit, the appeal shall be dismissed by the EEOC.[12] When the complainant elects to appeal, he must file a civil action within 90 days of the EEOC's final decision on appeal.[13]

The Chief Magistrate concluded that Plaintiff had failed to exhaust his administrative remedies. Plaintiff's appeal of the Agency's final order to the EEOC was untimely. As a result, Plaintiff could not bring a judicial complaint for claims that he failed to pursue in a timely appeal. The Chief Magistrate Judge reasoned that a federal civil action filed within 90 days of receipt of an EEOC ruling dismissing an appeal as untimely must be dismissed for failure to exhaust administrative remedies. The Chief Magistrate Judge cited for support the case of *Dobbins v. Lew*, No. 1:14 CV 253, 2014 WL 7048963, at *3-4 (N.D. Ohio Dec. 11, 2014), in which the district court dismissed a complaint after the federal employee had failed to file a timely appeal with the EEOC. In other words, the employee had not exhausted his administrative remedies. The fact the employee did file his judicial complaint within the time allowed following the dismissal of his appeal did not save his otherwise unexhausted claims. As

---

[9] 42 U.S.C. § 2000e-16.

[10] 29 C.F.R. §§ 1614.106 through 1614.110.

[11] *Id.* § 1614.402(a).

[12] *Id.* § 1614.403(c).

[13] *Id.* § 1614.407(c).

the Chief Magistrate Judge observed, the approach taken by Hykes and the plaintiff in *Dobbins* would effectively allow a complaining federal employee to circumvent congressionally mandated administrative procedures.

Based on its review of the report and recommendation and the parties' briefs, the Court agrees with the Chief Magistrate and holds that Plaintiff's Pro Se Complaint is time barred. Plaintiff did not appeal the Agency's final order to the EEOC within the thirty-day window provided by 29 C.F.R. § 1614.402(a). Plaintiff does not really dispute this conclusion in his objections but instead argues that the Chief Magistrate Judge's recommendation failed to take into account the effect of a government shutdown in October 2013 on his ability to meet the filing deadline. But this argument actually goes to the question of whether Hykes is entitled to equitable tolling of the deadline. It is clear from the record that Hykes filed his appeal outside the applicable deadline. As result, the Chief Magistrate Judge's conclusion that Plaintiff has failed to exhaust his administrative remedies is **ADOPTED**.

## II. Equitable Tolling

The Chief Magistrate Judge has next recommended that the Court not equitably toll the time for Plaintiff to file his administrative appeal to the EEOC. Plaintiff's only reason given for his failure to file the appeal on time is the government shutdown that occurred from October 1, 2013 to October 16, 2013. According to Plaintiff, he could not prepare his appeal during that interim because he had stored documents on IRS computers at work and used the computers to prepare his filing. Plaintiff argues that he should be entitled to equitable tolling because the government shutdown was outside of his control.

The issue presented is whether Plaintiff has shown an entitlement to equitable tolling. While "[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit,"

timeliness is subject to equitable tolling.[14] Equitable tolling likewise "applies to administrative requirements for federal employees" like Hykes.[15] Equitable tolling of a limitations period may be appropriate where a "plaintiff, despite exercising due diligence, remains unaware of [his] causes of action.[16] By contrast, equitable tolling is not appropriate where a plaintiff "had all the information necessary to file a timely charge with the EEOC" and there is no allegation of misconduct or mistake on the part of the EEOC.[17] Federal courts will grant equitably tolling "only sparingly."[18] "The general rule is that we will not extend the statute of limitations by even a single day."[19]

The Sixth Circuit has held that a court should consider the following factors to determine whether equitable tolling of a statute of limitations is appropriate: (1) lack of notice of requirement to file suit; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement.[20] A plaintiff has the burden of establishing an entitlement to equitable tolling.[21]

---

[14] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

[15] *Id.* (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96 (1990)).

[16] *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014) (citations omitted).

[17] *Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 427 (6th Cir. 2014) (citations omitted).

[18] *Gordon v. England*, 612 F. App'x 330, 334 (6th Cir. 2015).

[19] *Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 340 (6th Cir. 2015) (citation omitted).

[20] *Cheatom*, 587 F. App'x at 281.

[21] *Jackson v. United States*, 751 F.3d 712, 718-19 (6th Cir. 2014).

The Court agrees with the Chief Magistrate Judge and holds that Plaintiff has not shown an entitlement to equitable tolling. It is clear that Plaintiff had actual notice of the filing requirement and his deadline to present the appeal of the Agency's final order to the EEOC. Plaintiff had all of the information he needed to present a timely appeal. The Court accepts as true Plaintiff's claim that he had saved relevant information at work and could not access it during the shutdown. But it is also clear that Plaintiff received notice of the Agency's final order on September 15, 2013, more than two weeks before the looming government shutdown. Plaintiff's last day of work before the shutdown was Monday, September 30, 2013, and Plaintiff reasonably had some notice of at least the possibility of a shutdown. Rather than take reasonable steps to get the documents he needed from his work computer and use the shutdown as an opportunity to work on his appeal, Plaintiff apparently chose to take his chances and now uses the shutdown as an excuse for not making a timely appeal. The Court cannot say that Plaintiff was unaware of his responsibilities or acted diligently to pursue the appeal and protect his rights. This is simply not the extraordinary case where equitable tolling should apply to save his untimely claim. Therefore, the Chief Magistrate Judge's conclusion that equitable tolling should not apply is **ADOPTED**.

## CONCLUSION

Plaintiff's objections to the Chief Magistrate Judge's report and recommendation are overruled, and the report and recommendation is hereby **ADOPTED**. Defendant's Motion to Dismiss is **GRANTED** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: February 23, 2016.